## Louisville Trust Co. et al. v. Title Insurance & Trust Co. et al.

(Decided June 22, 1934.)

GORDON, LAURENT & OGDEN for appellant Louisville Trust Co.

JOS. J. KAPLAN for appellant Gordon.

PERCY N. BOOTH, BOOTH & CONNER, HUGH B. FLEECE, ANDREW M. SEA, Jr., LEO T. WOLFORD, and BRUCE & BULLITT for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The major facts involved on this appeal are stated in Cralle et al. v. Louisville Title Co., 244 Ky. 753, 52 S. W. (2d) 891.

The additional facts pertinent to the issue now to be determined are: The Louisville Trust Company was a trustee of a pool of securities of the face value of approximately $2,400,000; it was appointed trustee, under an instrument of writing, of the property for the benefit of the owners of the bonds issued by the Title Guarantee Trust Company (now in liquidation). Section 13 of the instrument, under which it was appointed and is acting as trustee, in part reads:

"The Trustee and its successor or successors may be removed from the office of such Trustee by the Trust Company, or by the holders of a majority in value of the Trust Company's bonds then outstanding, said action being evidenced by a writing or writings signed by such persons and exhibited to said Trustee, and a copy or copies thereof left with it. * * * A successor to the Trustee may be appointed by a writing or writings executed by the Trust Company and by the holders of more than one-half in amount of the Trust Company's collateral trust bonds then outstanding, or by the holders of three-fourths of said Trust Company's bonds, without the consent of the Trust Company. * * * Such successor Trustee shall be a Trust Company incorporated under the laws of the State of Kentucky, or some National or State Bank legally qualified to act as such Trustee, and having its principal place of business in the City of Louisville, Kentucky."

In 1931 the Louisville Trust Company, as trustee, assumed full control of the collections of the obligations represented by the collateral securities theretofore pledged with it, except a few such obligations which the

liquidating agent of the Title Guarantee Trust Company asserted and still asserts the right to collect and control. The Louisville Trust Company had made collections, caused where necessary or advisable, mortgages to be foreclosed, and thereby acquired the ownership of real estate, rented and managed the same, and maintained insurance on the real estate so acquired and on the real estate not yet acquired and engaged as trustee in liquidating and reducing to cash the securities.

Section 7 of the instrument of writing denominated a "reorganization Agreement" of the Louisville Trust Company and the Title Guarantee Trust Company contains this clause:

"Upon deposit of bonds under this agreement, the depository shall issue to the depositing bondholder a certificate of such deposit, substantially in form as set out therein."

The certificates of deposits contain this stipulation:

"The holder of this Certificate and any transferee hereof by accepting this Certificate becomes one of the parties of the second part to and bound by the terms of said agreement, to which reference is hereby expressly made as fully to all intents and purposes as though such holder or transferee had in fact executed said original agreement, and by depositing the aforesaid bonds does hereby constitute and appoint Theodore Ahrens, Henry Almstedt, Charles F. Huhlein, Huston Quin and Noel Rush, named as parties of the first part in said reorganization agreement, as trustees and attorneys-in-fact for the depositing bondholder and any transferee, to carry out any and all terms of said reorganization agreement, * * * without the execution of any other writing or paper whatsoever."

Section 6 of the reorganization agreement, in part, reads:

"By so depositing said bonds and accepting said Depositary Certificates, such Participating Bondholder agrees to and does thereby assign and transfer to Theodore Ahrens, Henry Almstedt, Charles F. Huhlein, Huston Quin, and Noel Rush, the Trustees hereinabove named, and for the purpose herein stated. * * *"

The Title Insurance & Trust Company, as the holder

198

of $1,724,100 par value of the bonds, executed and delivered by the Title Guarantee Trust Company and the Fidelity and Columbia Trust Company, as holder in its fiduciary capacities $157,100 par value of the above bonds, by a writing duly signed by them, removed the Louisville Trust Company as trustee and appointed its successor. Asserting its right to act as trustee under the reorganization agreement as amended, and denying the authority of the five trustees, the Title Insurance & Trust Company, and the Fidelity and Columbia Trust Company to remove it from office and appoint its successor, the Louisville Trust Company filed this action against the Title Insurance & Trust Company, the Fidelity & Columbia Trust Company, the United States Trust Company, James R. Dorman, banking commissioner, and Gates F. Young, special deputy banking and securities commissioner and liquidating agent of the Title Guarantee Trust Company, to enjoin the United States Trust Company, which had been designated as its successor, from interfering with its possession and custody of the assets and securities of the Louisville Trust Company theretofore pledged with the Louisville Trust Company as trustee for the benefit of the holders of the bonds issued by the Title Guarantee Trust Company, and to have canceled and declared void the act of the Fidelity & Columbia Trust Company and the Title Insurance & Trust Company, evidencing their efforts to remove it as trustee and to appoint a successor.

The five reorganization trustees are not parties to the action, and their removal of the Louisville Trust Company as trustee and their designation of its successor are not assailed.

The circuit court denied the Louisville Trust Company relief and dismissed its petition. It is here insisting "the owners of the bonds of the Title Guarantee Trust Company, who deposited their bonds under the reorganization agreement did not delegate to the reorganization trustees the power given the bondholders to remove the trustee"; but "even if the owners of the bonds of the Title Guarantee Trust Company, who deposited their bonds under the reorganization agreement did delegate the power given them to remove the trustee," the court should not permit the owners of the majority and amount of the bonds to exercise the power, because "the removal is sought to be made for the pur-

pose of accomplishing a result prejudicial to the minority and non-depositing bondholders.''

The notice of removal of the five reorganization trustees recites:

"The trustees have heretofore authorized the Title Insurance and Trust Company, as trustee for the holders of the Title Guarantee Trust Company bonds, who have deposited such bonds with the trustee, to remove you as trustee, * * *'' and ''having heretofore likewise authorized the Title Insurance and Trust Company, as trustee, for said holder to appoint the United States Trust Company as trustee of said collateral pool to succeed the Louisville Trust Company. * * * This is to notify you that at a meeting of the trustees held on the 23rd day of February 1934, the undersigned, as Chairman of said trustees, was authorized to execute and deliver to you and to the United States Trust Company a proper writing ratifying and confirming the action of the Title Insurance and Trust Company heretofore taken in removing you and appointing the United States Trust Company. Said trustees do now hereby remove you as trustee and do hereby appoint the United States Trust Company as successor trustee under the indenture of April 14th, 1927 between you and the Title Guarantee and Trust Company above mentioned.''

''It is alleged in the petition and must be taken as true, that the failure to liquidate the pool up to the time the demand for a removal was made was due to; (1) economic conditions; and (2) a desire to give the reorganization trustee an opportunity to purchase the assets. It is also alleged in the petition and for the purpose of this case must be taken as true. The demand of the reorganization trustee was for an auction sale of the assets. Necessarily, liquidation by that means would be a breach of the trust.''

In the amended petition it is alleged:

''The attempt to remove the Louisville Trust Company as Trustee, and to appoint in its stead as Trustee the United States Trust Company, is being made by Title Insurance and Trust Company and Fidelity and Columbia Trust Company and the Reorganization Trustees for the purpose of accomplishing the plan and desire of Title Insurance and

Trust Company to purchase the trust assets at a price which will be beneficial to and effect a large saving for, the bondholders of Title Guarantee Trust Company who have deposited their bonds under said Reorganization Agreement, but also at a price which will be detrimental to, and unfair to, the holders of bonds of Title Guarantee Trust Company who have not deposited their bonds under the Reorganization Agreement.''

The question of motive of the removers and the result thereof in the estimation of the Louisville Trust Company are not proper subjects of inquiry in the disposition of the decisive question now involved. If an action or proceeding were pending in equity to remove the Louisville Trust Company and appoint its successor, it would be within the province of the chancellor to receive and consider evidence of the motive of the parties and the consequences of the removal of the trustee and the appointment of its successor. Respecting the motive of the removers and the effect of the removal of the trustee, we do not find any merit in the insistence that any right of the minority and the nondepositing bondholders will be adversely affected by the removal of the trustee. They still have their security unimpaired and their right to share in any sale of the assets of the defunct companies. In case of a sale by the successor trustee of such assets necessary to be sold, the chancellor, on their appropriate application, will protect their rights by seeing that the purchase price is fair and reasonable. Cralle et al. v. Louisville Title Co., 244 Ky. 753, 52 S. W. (2d) 891. The sole question here to be ascertained and determined is one of power as created by the reorganization agreement as amended. Its provisions are plain and unambiguous, and it is entirely unnecessary to resort to rules of construction to correctly interpret and construe the same.

The quoted portion of section 13 of the original reorganization agreement, when read in connection with the quoted provision of the certificates issued and delivered to, the depositing bondholders, undoubtedly confers on the five reorganization trustees plenary power to act ''as trustees and attorneys-in-fact for the depositing bondholder and any transferee, to carry out any and all terms of said reorganization agreement, * * * without the execution of any other paper or writing whatsoever.'' The five reorganization trustees, by

a writing, duly executed and delivered, authorized and directed the Title Insurance & Trust Company as trustees for the bondholders to remove the Louisville Trust Company as trustees and appoint the. United States Trust Company as trustee to succeed the Louisville Trust Company. Further, they ratified the act of the Title Insurance & Trust Company removing the Louisville Trust Company as trustee and appointing the United States Trust Company as trustees in its stead.

"In order to determine whether depositing bondholders have delegated to the Title Insurance and Trust Company, or the reorganization trustees, the power to remove the Louisville Trust Company, as trustee, it is not proper to consider any thing other than the agreement made by the depositing bondholders. No other consideration is material. The narrow inquiry is whether by the provision of the agreement under which the bonds were deposited and the proper amendments thereto, the bondholders have delegated the power of removal."

It was the judgment of the chancellor that the reorganization agreement and the quoted clause of the certificates issued to the depositing bondholders delegated the power of removal and appointment of successor and that this power had been properly exercised. In this we concur.

Other interesting questions have been ably briefed and supported by authorities cited therein, but we do not deem it essential or necessary, to dispose of the decisive question, to consider and discuss them in this opinion.

Wherefore the judgment is affirmed.